### HENRY CENTLIVRE V. FRANCIS RYDER.

An inn-keeper is not liable in trover for goods left in his house by a person who is not a guest therein.

Where property is left in a person's house without his authority, and contrary to the direction of his servant, his removing it is not a conversion, and cannot be held so by refusal to deliver on demand, made after the removal.

THE plaintiff, a boot-maker residing in New York, called at the hotel kept by the defendant within the limits of the military station at West Point, and asked permission of defendant's servant to leave a bag containing a quantity of boots. He was told by the servant that he could not be permitted to do so, but he nevertheless set down the bag and quitted the premises. Shortly after one of the cadets came to the house and asked for the bag as his property, which was not delivered to him, but was thereupon sent to the quartermaster's office, in pursuance of an order of the superintendent of the station, which order had been read to defendant's servants, and was posted on the door of the kitchen through which the plaintiff entered with the bag.

The superintendent proved that the hotel was built on ground belonging to, and was the property of, the United

States, and had been, with the rest of the station, under their military authority since the Revolution. He also proved that the defendant held the premises under a lease from the United States government, and that an order had been issued by him as superintendent, requiring the property of cadets to be sent to the quartermaster, and that the bag had been sent there in pursuance of such order.

Proof was given that after the bag had been sent to the quartermaster's office it had been demanded by the plaintiff from the defendant.

The circuit judge held that the plaintiff, having placed the property in the defendant's house without his consent, and contrary to express directions, the removal could not be deemed a conversion, even though a demand had been made, and ordered a nonsuit.

The plaintiff afterward, on bill of exceptions, moved to set aside the nonsuit.

*Lynch*, for plaintiff.

*Bonney*, for defendant.

*The Circuit Judge:* The view which I take of this case renders it unnecessary for me to consider several of the questions which have been raised.

The defendant was an inn-keeper, and the plaintiff, without being, or attempting to be, a guest of his, left at his house the property in question, without the defendant's request, and contrary to positive directions of his servant, and because the defendant removed the property from his premises, this suit is brought on the ground that such removal was a conversion by the defendant.

The defendant is not liable as an inn-keeper, because the plaintiff was not his guest—he was not received as such, and the goods in question were not *infra hospitium.* The place where the goods were deposited is not the test; it is whether they are in the custody of the inn-keeper or at the risk of the

guest. (*Piper* v. *Manny*, 21 Wend. 282.) The obligation of the landlord is to protect the property of those whom he receives as guests. (*Clute* v. *Wiggins*, 14 J. R. 175.)

In this case there is no pretence that the plaintiff was the guest of the defendant, and therefore the defendant's liability, if any, was not that of inn-keeper.

The case then presents itself in this aspect alone, that the plaintiff, without the knowledge or consent of the defendant, and against the prohibition of his servant, left his property in the defendant's house, and the defendant removed it. It cannot be that any liability can grow out of this state of things, at least any liability of the defendant. He cannot thus be made, without his assent, to assume the liabilities of a bailee, and he cannot thus be deprived of the right belonging to every man to protect his own possession of his own property.

The motion to set aside the nonsuit must be denied, with costs.